constitutional rights the question becomes one of federal constitutional law. *Chapman v. California,* 386 U.S. 18, 21, 87 S.Ct. 824, 826, 17 L.Ed.2d 705 (1967). Therein lies the "catch-22 into which the majority has written the Court in an effort to affirm criminal convictions." *Goddard,* 649 S.W.2d at 890 (Welliver, J., dissenting). The disparate treatment of similarly situated defendants, such as Goddard and Holland on the one hand and Williams on the other, manifestly breaches the guarantee of equal protection of the laws to one group of defendants or the other. Concomitantly, the process afforded—either instruction on and conviction of first degree murder or failure to instruct on that offense—deprives defendants on one hand or the other of due process of law.

Our government was created as one of laws and not of men. The majority has frustrated this framework by substituting its own judgment of guilt for the rule of law. That is not the function of this Court. We are not guardians of society. Our duty is to dispense justice evenhandedly in accordance with established principles of law. Inconsistent application of those principles is tantamount to nonapplication of those principles. What Judge Learned Hand said a quarter century ago applies with equal force today. "For myself," he said, "it would be most irksome to be ruled by a bevy of Plantonic Guardians, even if I knew how to choose them, which I assuredly do not." L. Hand, *The Bill of Rights* 73 (1958). *See also Plyler v. Doe,* 457 U.S. 202, 242, 102 S.Ct. 2382, 2408, 72 L.Ed.2d 786 (1982) (Burger, C.J. dissenting).

I cannot join in holding that under the same statute, § 556.046, first degree murder both is and is not a lesser included offense of capital murder.[1] I therefore respectfully dissent.[2]

**Shannon BARNETT, Plaintiff/Appellant,**

v.

**STATE of Missouri,
Defendant/Respondent.**

**No. WD 33853.**

Missouri Court of Appeals,
Western District.

April 12, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 31, 1983.

Application to Transfer Denied
Aug. 16, 1983.

---

1. I concurred in *Baker.* I also concurred in *Blair* and wrote the opinion in *Woods,* both of which applied *Baker* retroactively. I joined Senior Judge Seiler's dissent in *Betts,* but that dissent rested on grounds other than the application of *Baker.*

   My views regarding the continued viability of *Baker* are set forth in my *Goddard* dissent and need not be fully detailed here. *See Goddard,* 649 S.W.2d at 891 (Welliver, J., dissenting). It suffices to say that I have concluded that it might be appropriate to overrule *Baker* and construe § 556.046 as reflecting a legislative intent that § 556.046 work no change in the law that existed at the time of its enactment. *Id.* at 892 (Welliver, J., dissenting).

   I adhere, however, to my position in *Goddard* that § 556.046 must apply to all cases in which trials were held after January 1, 1979, the date § 556.046 became effective. The statute cannot mean one thing in one case and something else in another. Particularly is this true when, as with this issue, we deal with cases in which the death penalty has been imposed. As noted above, *Goddard* in effect held that the rule in *Baker* was created to permit affirmance of Baker's conviction and death sentence. Blair's trial occurred before *Baker* was decided, and thus, under *Goddard,* Blair should have received an instruction on first degree murder. *Williams* ignored *Goddard* in order to affirm another death sentence. Three men, therefore, are currently scheduled to die by reason of the Court's vacillation.

2. The legislative effort to solve this problem is embodied in H.C.S.S.C.S.S.B. 276, sec. 1, §§ 565.020–.025, 82d Gen.Assem., 1st Reg. Sess. (1983), signed by the Governor June 15. The bill becomes effective July 1, 1984. *Id.* sec. A. The effective date of this legislation leaves a full year for the further compounding of the error caused by the Court's vacillation on this matter.

**682**

Richard W. French, Jefferson City, for plaintiff/appellant.

John Ashcroft, Atty. Gen., Jefferson City, S. Francis Baldwin, Asst. Atty. Gen., for defendant/respondent.

Before WASSERSTROM, P.J., and TURNAGE and CLARK, JJ.

### ORDER

PER CURIAM:

Appeal from denial of relief under Rule 27.26.

Judgment affirmed. Rule 84.16(b).

**STATE of Missouri, Respondent,**

v.

**Douglas H. BURKS, Appellant.**

**No. WD34396.**

Missouri Court of Appeals, Western District.

May 10, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied June 28, 1983.

Joseph H. Locascio, Sp. Public Defender, Kansas City, John M. Torrence, Asst. Sp. Public Defender, for appellant.

John Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and WASSERSTROM and MANFORD, JJ.

PER CURIAM:

### ORDER

Appeal from conviction of robbery under § 569.020, RSMo 1978.

Judgment affirmed. Rule 30.25(b).

**TWIN RIVER CONSTRUCTION CO., INC., Plaintiff-Appellant,**

v.

**PUBLIC WATER DISTRICT NO. 6, Defendant-Respondent.**

**No. 44658.**

Missouri Court of Appeals, Eastern District, Division Four.

May 24, 1983.

